**Jonas SOSA, Sr., Plaintiff–Appellant,**

v.

**State of ILLINOIS, Defendant–Appellee.**

No. 02–2601.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 25, 2002.*

Decided Oct. 25, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Jonas Sosa, a Kentucky citizen, filed an amended complaint against the State of Illinois because he was displeased with a state court's disposition of a divorce between his son and former daughter-in-law. He sought injunctive and declaratory relief vacating the state court's "adverse orders" against both him and his son. The State of Illinois moved to dismiss, and the district court concluded that the Eleventh Amendment barred the suit against the State of Illinois. In the alternative, the court held that even if the State were not immune from suit, the *Rooker–Feldman* doctrine precluded it from reviewing the state court's divorce decree. Sosa filed a timely appeal, and we affirm.

Sosa's daughter-in-law petitioned in Illinois state court for dissolution of marriage from Sosa's son. Sosa had been joined as a respondent during the divorce proceedings because of his "passionate objection" to the divorce petition. He attempted to present evidence in the state court proceedings to demonstrate that the divorce petition and other pleadings were "intentionally malicious, unfounded, unsubstantiated, prejudicial, fraudulent, and fabricated, meant solely to conceal the deceptive and adulterous conduct of the Petitioner." The state court granted the divorce petition and denied Sosa visitation rights to his grandson. Sosa did not appeal the state court judgment, but rather filed a federal complaint in which he alleges that fraud and misrepresentations on the part of his daughter-in-law's attorney and the judge deprived him of due process of law. He seeks to vacate the state court's "adverse orders" that were entered against him in the divorce proceedings. We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction. *See Long v.*

*Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999).

Lower federal courts lack subject-matter jurisdiction under the *Rooker–Feldman* doctrine to review state court civil judgments, including divorce decrees. *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rizzo v. Sheahan,* 266 F.3d 705, 713 (7th Cir.2001). To determine whether jurisdiction fails under the doctrine, we consider "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Edwards v. Ill. Bd. of Admissions to the Bar,* 261 F.3d 723, 729 (7th Cir.2001). The question, then, is whether Sosa's asserted injury is "inextricably intertwined" with the judgment of the state court, precluding a federal court from reviewing its merits. *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir.2001).

Here, all of Sosa's alleged injuries resulted directly from the state court judgment. Indeed, he merely seeks to vacate the state court's rulings against him. But we have held that the *Rooker–Feldman* doctrine specifically bars federal lawsuits by a plaintiff who " 'objects to the outcome of a judicial proceeding and filed a separate suit to get around it.' " *Manley,* 236 F.3d at 396 (quoting *GASH Assocs. v. Village of Rosemont,* 995 F.2d 726, 727 (7th Cir.1996)). Sosa seems to be most unhappy with the state court's denial of his request for visitation rights to see his grandson, and we have held that challenges to state child custody and visitation decisions are barred by the *Rooker–Feldman* doctrine. *See, e.g., T.W. v. Brophy,* 124 F.3d 893, 898 (7th Cir.1997). Sosa more generally alleges that the state court violated his federal constitutional rights to due process by ruling in favor of his for-

mer daughter-in-law based upon fraudulent pleadings. His allegations of constitutional wrongs, however, are inextricably intertwined with the state court judgment, because granting Sosa the relief he requests would require overturning a state court divorce decree. "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir.2000). Because we conclude that Sosa's claims are barred by the *Rooker–Feldman* doctrine, the district court's dismissal is AFFIRMED on that basis.